*RECOMMENDED FOR FULL-TEXT PUBLICATION*
Pursuant to Sixth Circuit Rule 206
File Name: 07a0203p.06

# UNITED STATES COURT OF APPEALS

## FOR THE SIXTH CIRCUIT

RICHARD WADE COOEY, II,

*Plaintiff-Appellee,*

*v.*

No. 05-4057

TED STRICKLAND, Governor; TERRY J. COLLINS,
Director; E. C. VOORHIES, Warden,

*Defendants-Appellants.*

Filed: June 1, 2007

Before: SUHRHEINRICH, SILER, and GILMAN, Circuit Judges.

## ORDER

The court having received a petition for rehearing en banc, and the petition having been circulated not only to the original panel members but also to all other active[*] judges of this court, and less than a majority of the judges having favored the suggestion, the petition for rehearing has been referred to the original panel.

The panel has further reviewed the petition for rehearing and concludes that the issues raised in the petition were fully considered upon the original submission and decision of the case. Accordingly, the petition is denied.

---

[*] Judge Cook is recused in this case.

RONALD LEE GILMAN, Circuit Judge, with whom MARTIN, DAUGHTREY, MOORE, COLE, and CLAY, Circuit Judges, join, dissenting from the denial of rehearing en banc. I write because I firmly believe that the opinion of the panel majority is wrongly decided and that we should have taken this case up for consideration en banc. The fact that five of my colleagues joined me in voting in favor of rehearing demonstrates that I am not alone in my view. Accordingly, I dissent from the denial of rehearing this case en banc.

This case presents an issue of exceptional importance: When does the statute of limitations begin to run on a 42 U.S.C. § 1983 challenge to a lethal-injection protocol? The panel's majority opinion, looking to the standard set forth in the Antiterrorism and Effective Death Penalty Act of 1996 for habeas cases, held that the limitations period begins at the conclusion of direct review of a death-sentenced inmate's conviction and sentence. *Cooey v. Strickland*, No. 05-4057, at 9 (concluding that the actual execution date will not suffice for limitations purposes, but that "it stands to reason that the next most appropriate accrual date should mirror that found in the AEDPA: upon conclusion of direct review in the state court or the expiration of time for seeking such review"). According to the majority, this would "promote judicial economy and protect defendants' rights" while protecting against "a significant period of delay to a state's ability to exercise its sovereign power and to finalize its judgments." (*Id*. at 7) There are two significant problems with the majority's analysis: first, under the present scheme, a death-sentenced prisoner will have to bring a new § 1983 claim each time the protocol changes in a way that implicates constitutional concerns, and second, a death-sentenced prisoner might not know when his cause of action accrues because Ohio's lethal-injection protocol can change at any time during the pendency of his postconviction and habeas proceedings.

The Supreme Court ruled in *Nelson v. Campbell*, 541 U.S. 637 (2004), and confirmed in *Hill v. McDonough*, 126 S. Ct. 2096 (2006), that § 1983 proceedings are the proper means of challenging a lethal-injection protocol. These are not claims that sound in habeas. *See Nelson*, 541 U.S. at 647. Accordingly, the accrual date of the statute of limitations should be determined by looking to "when the plaintiff knows or has reason to know" of his injury. *See, e.g., Collyer v. Darling*, 98 F.3d 211, 220 (6th Cir. 1996). The district court, to my mind, properly determined that the statute of limitations accrues at the time that the prisoner's execution becomes imminent and the prisoner knows or has reason to know of the facts giving rise to his § 1983 claim. *See Cooey*, No. 05-4057, at 13 (Gilman, J., dissenting). Moreover, these are factors over which the state can exercise significant control by promptly requesting that the Ohio Supreme Court set a date of execution, and by publishing the details of the lethal-injection protocol so that a death-sentenced inmate has timely notice of the procedure that will be used to execute him. Applying the district court's compelling reasoning will also avoid the inefficient litigation of multiple and inconsistent claims.

The majority's opinion, in contrast, will lead to simultaneous, and contradictory, proceedings in state and federal court. Death-sentenced inmates will bring habeas petitions attacking the validity of their conviction and sentence at the same time they pursue § 1983 actions challenging the constitutionality of the lethal-injection protocol chosen by the state. To be sure, Ohio argues that this inefficiency will obtain only long enough for one properly filed § 1983 action to be tried to completion. But this argument assumes far too much. Under Ohio law, the Ohio Department of Rehabilitation and Correction has virtually unlimited discretion over the lethal-injection protocol used, as well as over whether to release information relating to the protocol. There is no guarantee, and Ohio does not suggest otherwise, that a single § 1983 challenge will resolve all constitutional issues relating to Ohio's lethal-injection protocol.

Both the majority and Ohio express a legitimate concern about the State's "significant interest in meting out a sentence of death in a timely fashion." *Nelson*, 541 U.S. at 644. An unrealistic commencement date based upon AEDPA's one-year statute of limitations, however, is not the appropriate way to address this concern. The Supreme Court recently confronted this issue

in *Hill v. McDonough*, 126 S. Ct. 2096 (2006). Hill, who was facing execution by lethal injection, brought a § 1983 claim that Florida's lethal-injection protocol violated the Eighth Amendment's prohibition on cruel and unusual punishment. *Id.* at 2100. Finding that Hill's claim did not challenge his sentence as a general matter, but rather the method by which it would be carried out, the Court held that the claim was properly brought as a § 1983 civil rights action under *Nelson v. Campbell*, 541 U.S. 637 (2004). But the Court also held that plaintiffs such as Hill are not entitled to automatic stays of execution. *Hill*, 126 S. Ct. at 2104 ("It is not available as a matter of right, and equity must be sensitive to the State's strong interest in enforcing its criminal judgments without undue interference from the federal courts.") Instead, "like other stay applicants, inmates seeking time to challenge the manner in which the State plans to execute them must satisfy all of the requirements for a stay, including a showing of a significant possibility of success on the merits." *Id.*

The district court in the present case has held likewise and has appropriately denied injunctive relief to some intervenors in this case who failed to satisfy those requirements. *See, e.g.*, *Cooey (Hicks) v. Taft*, No. 04-CV-1156 (S.D. Ohio Nov. 23, 2005) (granting Hicks's motion to intervene but denying his motion for a preliminary injunction because Hicks unduly delayed in bringing his claim).

Finally, I note that the reasoning of the majority was recently rejected in a factually similar lethal-injection challenge brought by an Alabama prisoner. *See Jones v. Allen*, ___ F. Supp. 2d ___, 2007 WL 1140416, at *4-5 (M.D. Ala.), *aff'd*, ___ F.3d ___, 2007 WL 1225393 (11th Cir.), *cert. denied* ___ S. Ct. ___, 2007 WL 1257938 (May 3, 2007). The district court in *Jones* concluded that the *Cooey* majority erred in its statute-of-limitations analysis by using the backward-looking model of a § 1983 claim seeking damages for a constitutional violation that had already occurred, "whereas a method-of-execution lawsuit seeks injunctive relief for an allegedly unconstitutional act that has not yet occurred," but for which there can be no "after-the-fact" remedy. *Jones*, ___ F. Supp. 2d ___, 2007 WL 1140416, at *4. This serves to support my view that the panel opinion in our case was wrongly decided.

I believe that en banc review would have been appropriate in the present case to ensure that the law in this Circuit conforms with Supreme Court precedent and to prevent the judicial inefficiency of juggling repetitive, simultaneous, and contradictory litigation from death-sentenced prisoners.


ENTERED BY ORDER OF THE COURT


/s/ Leonard Green
_____
Clerk