*RECOMMENDED FOR FULL-TEXT PUBLICATION*
Pursuant to Sixth Circuit Rule 206

File Name: 08a0368p.06

# UNITED STATES COURT OF APPEALS

## FOR THE SIXTH CIRCUIT

---

RICHARD COOEY, II,

*Plaintiff-Appellant,*

*v.*

No. 08-4252

TED STRICKLAND,

*Defendant-Appellee.*

---

Appeal from the United States District Court
for the Southern District of Ohio at Columbus.
No. 08-00747—Gregory L. Frost, District Judge.

Submitted: October 7, 2008

Decided and Filed: October 9, 2008

Before: SUHRHEINRICH, SILER, and GILMAN, Circuit Judges.

---

## COUNSEL

**ON BRIEF:** Kelly L. Schneider, Gregory William Meyers, Kimberly S. Rigby, OHIO PUBLIC DEFENDER'S OFFICE, Columbus, Ohio, for Appellant. Matthew A. Kanai, Charles L. Wille, OFFICE OF THE OHIO ATTORNEY GENERAL, Columbus, Ohio, for Appellee.

SUHRHEINRICH, J., delivered the opinion of the court, in which SILER, J., joined. GILMAN, J. (p. 4), delivered a separate concurring opinion.

---

## OPINION

---

The state of Ohio has scheduled the execution of Richard Cooey for 10:00 a.m. on Tuesday, October 14, 2008. On August 1, 2008, Cooey filed a § 1983 action in the district court, challenging Ohio's lethal-injection protocol. On September 30, 2008, the district court, Frost, J., issued an order granting the State's motion to dismiss Cooey's § 1983 action as time barred under this Court's decision in *Cooey v. Strickland*, 479 F.3d 412 (6th Cir. 2007). *See Cooey v. Strickland*, No. 2:08-cv-747, 2008 U.S. Dist. LEXIS 75630 (S.D. Ohio Sept. 30, 2008). Cooey timely appeals from that decision. We affirm the decision of the district court.

In 1986, Cooey was convicted of two counts of aggravated murder and sentenced to death. *See State v. Cooey*, 544 N.E.2d 895 (Ohio 1989). Cooey sought state post-conviction relief without success. *See State v. Cooey*, 1994 WL 201009 (Ohio Ct. App. May 25, 1994); *State v. Cooey*, 653 N.E.2d 252 (Ohio 1995); and *State v. Cooey*, 655 N.E.2d 742 (1995).

In October 1996, Cooey filed a § 2254 habeas petition. The district court denied the petition on September 4, 1997. *See Cooey v. Anderson*, 988 F. Supp. 1066 (N.D. Ohio 1997). This Court granted a COA on two issues and denied relief for both. *Cooey v. Coyle*, 289 F.3d 882 (6th Cir.), *cert. denied*, 123 S.Ct. 1620 (2003) ("*Cooey I*").

On June 10, 2004, Cooey filed a § 1983 challenge, alleging that the lethal-injection protocol constituted cruel and unusual punishment. The district court dismissed Cooey's claims for failure to exhaust his administrative remedies. After exhausting them, Cooey re-filed his complaint on December 8, 2004. On March 28, 2005, the district court granted the State permission to pursue an interlocutory appeal on the issue of the district court's denial of the State's motion to dismiss Cooey's § 1983 claims.

On March 2, 2007, we issued *Cooey v. Strickland*, 479 F.3d 412 (6th Cir. 2007) ("*Cooey II*") holding that Cooey's claim was cognizable under § 1983, that the statute of limitations for such a claim began to run upon conclusion of direct review of the death sentence, and that the limitations period in Cooey's case began no later than the date when the challenged protocol became the state's exclusive execution method. A petition for rehearing *en banc* was denied. 489 F.3d 775 (6th Cir. 2007). The Supreme Court denied certiorari. *See Biros v. Strickland*, 128 S. Ct. 2047 (Apr. 21, 2008).

On August 1, 2008, Cooey filed another § 1983 action in district court, alleging that executing him under the established execution protocol, without deviating from it out of consideration of his particular medical conditions, will violate his Eighth and Fourteenth Amendment rights. Specifically, he claims that: (1) Ohio's lethal-injection protocol will violate his right to be free from cruel and unusual punishment by failing to adequately address the asserted difficulty in accessing his veins, (2) the Ohio protocol will violate his Eight Amendment rights by failing to account for potential dosage insufficiency, and (3) the protocol will violate his right to due process by unconstitutionally depriving him of a property interest in a quick and painless death.

On the first issue, Cooey claims he had previously faced an execution date in July 2003, and that in preparation for that execution, medical staff at the correctional facility noted that "Cooey's veins are 'sparce' [sic]" but that he "has good vein to right hand." (Compl. 6.) Cooey further asserts that his medical expert noted that Cooey is morbidly obese and that if he has gained weight since the 2003 execution date, "'the single "good" vein on his right hand [] may now be obscured.'" *Id.* On the second issue, Cooey explains that he is taking Topamax, a treatment for cluster headaches, which decreases his sensitivity to sodium thiopental (the anesthetic component of Ohio's injection protocol) and increases the risk that Cooey will be aware during the execution process. (Compl. 7.) Cooey concedes in his complaint that if "a 'full dose of thiopental [was] successfully delivered into his circulation' Plaintiff would be deeply anesthetized regardless of his treatment with Topamax," but "it is also likely that his use of Topamax decreases the margin of safety and therefore makes him more vulnerable to the consequences of a partially failed thiopental administration." *Id.* Cooey also asserts that the dosage of sodium thiopental administered per the injection protocol may be insufficient to adequately anesthetize him in light of his significant weight. *Id.*

The state moved for dismissal under Fed. R. Civ. P. 12(b)(6), alleging that Cooey's challenge was time barred under the Sixth Circuit's construction of the statute of limitations for such § 1983 claims established in *Cooey II.*, 479 F.3d 412. In *Cooey II*, 479 F.3d 412, this Court held that a two-year statute of limitations applies to § 1983 claims in Ohio, and that such § 1983 claims began to accrue upon conclusion of direct review in the state courts and when the plaintiff knew or had reason to know about the act providing the basis of his or her injury. *Id.* at 422. As for when the plaintiff knew or should have known about the act providing the basis for injury, this Court offered possible dates: 1993, when Ohio adopted lethal injection as a method of execution, or 2001, when Ohio made lethal injection the exclusive method of execution. *Id.* This Court did not definitively resolve that

question "because even under the later date, 2001, Cooey's claim exceeds the two-year statute of limitations deadline because his claim was not filed until December 8, 2004." *Id.*

The district court ruled that Cooey's first claim respecting vein access was time barred under *Cooey II*. *Cooey*, 2008 U.S. Dist. LEXIS 75630, at *4. The district court noted that in July 2003, Cooey had advised prison personnel that he had an issue accessing his veins. Thus, the district court concluded that Cooey knew or should have known of the vein issue in July 2003, and the two year statute of limitations on the vein issue correspondingly expired by July 2005. Cooey argued that the vein issue was not time barred because he has gained weight since 2003, and that weight gain has made accessing his veins more difficult. The district court concluded, however, that the core of Cooey's claim was still vein access, "and the fact that there may be less access today does not mitigate the fact that Cooey still knew of and could have filed suit over vein access prior to July 2005." *Id.*

As to Cooey's second claim, that his use of Topamax may decrease his sensitivity to sodium thiopental and cause him to be aware during the execution, the district court ruled that it was also time-barred because the claim was contingent on his previously asserted claim of faulty administration, which *Cooey II* found untimely. *Id.* at *7. [1] The district court reasoned that Cooey is not claiming that the presence of Topamax itself creates a violation, but rather pleaded that "the presence of Topamax in the inquiry . . . as an aggravating factor to faulty administration or insufficient dosing." *Id.* at *8. As such, Cooey's claim was a challenge to the injection protocol "that at its core is simply a reassertion of his 2004 challenge to the procedures and drug amount the state employs." *Id.*; *see also Cooey II*, 479 F.3d at 424 (explaining that among the "core complaints" of Cooey's 2004 case was "the use and dosage of sodium thiopental"). Thus, Cooey's claims simply added to the time-barred precursor claims that failed previously. Consequently, the district court dismissed Cooey's claims without reaching the merits, though the court expressed doubt whether Cooey could demonstrate a likelihood of success on the claims. *Cooey*, 2008 U.S. Dist. LEXIS 75630, at *9.

Finally, the district court determined that Cooey's statutory claim that he is entitled to a "quick and painless death" under Ohio Rev. Code § 2949.22(A) was time-barred, because § 2949.22 contained the "quick and painless death" component since 1993, and therefore the time to challenge it expired at least at the same time his Eighth Amendment § 1983 claim did. *Id.* at *6 n.1.

Having reviewed the parties' briefs, the record, and the applicable precedent, most notably our decision in *Cooey II*, we conclude that the district court correctly held that each of Cooey's "new" claims is time barred for the reasons stated in its opinion dated September 30, 2008. *See Cooey*, 2008 U.S. Dist. LEXIS 75630. We therefore AFFIRM the decision of the district court granting Defendant's motion to dismiss and denying Cooey's motion for a preliminary injunction as moot.

---

[1]The district court noted that the record did not disclose when Cooey began to take Topamax, but that the claim was time-barred irrespective of when he started taking the drug.

---

**CONCURRENCE**

---

RONALD LEE GILMAN, Circuit Judge, concurring. I join in the conclusion that the district court correctly applied the rule announced by a majority of this panel in *Cooey v. Strickland*, 479 F.3d 412, 422 (6th Cir. 2007) (*Cooey II* ). That rule compels the conclusion that the statute of limitations has expired on Cooey's current as-applied challenges under 42 U.S.C. § 1983, as the district court carefully explained in its opinion. I write separately, however, to reiterate my belief that *Cooey II* was wrongly decided for the reasons articulated in my dissent to that opinion.

Borrowing statute-of-limitations principles from the law of habeas corpus and applying them to the wholly distinct body of law surrounding § 1983 challenges creates anomalous results. Section 1983 claims may well expire before they have properly ripened for careful review on the merits. Cooey's case provides a perfect example of why this is so. The Supreme Court has made clear that details matter in assessing the constitutionality of a state's lethal-injection method. *See Baze v. Rees*, 128 S. Ct. 1520, 1533-34 (2008) (plurality opinion) (discussing various safeguards employed by the state of Kentucky to ensure that adequate anesthesia is administered in advance of the lethal drugs that would otherwise cause extreme pain, including the professional qualifications of the IV team, extensive practice sessions, and the insertion of back-up IV lines). Because details in the procedure might interact with the medical condition of the specific condemned prisoner in constitutionally significant ways, and because the nature of these details may not be known when the prisoner's state appeals are exhausted, I continue to believe that the *Cooey II* rule is erroneous and unjust. Cooey's § 1983 challenges deserve a hearing on their merits. But because I am constrained by the precedential law of the case, I nonetheless concur.