RECOMMENDED FOR FULL-TEXT PUBLICATION
Pursuant to Sixth Circuit Rule 206

File Name: 09a0289p.06

# UNITED STATES COURT OF APPEALS

## FOR THE SIXTH CIRCUIT
_____

JASON GETSY,

          *Plaintiff-Appellant,*

        *v.*

TED STRICKLAND, et al.,

          *Defendants-Appellees.*

No. 08-4199

Filed: August 17, 2009

_____

**ORDER**

_____

A member of the court having suggested *rehearing en banc,* 6 Cir. R. 35(c), the matter was referred to all[*] active judges, less than a majority of whom voted in favor of such rehearing. Accordingly, the decision of the panel remains in place, the motion of the appellant to stay execution is denied, and the Clerk is directed to issue the mandate forthwith.

It is so ORDERED.

---

[*]Judge Cook recused herself from participation in this matter.

KAREN NELSON MOORE, Circuit Judge, with whom WHITE, Circuit Judge, joins, dissenting from denial of rehearing en banc.  I dissent from the denial of rehearing en banc for the reasons expressed in my concurring opinion in *Getsy v. Strickland*, No. 08-4199, slip op. at 8 (6th Cir. Aug. 13, 2009) and for the reasons articulated in Judge Gilman's dissents in *Cooey v. Strickland*, 479 F.3d 412, 424 (6th Cir. 2007) (*Cooey II*), and *Cooey v. Strickland*, 489 F.3d 775, 776 (6th Cir. 2007).

As I have previously emphasized, "'[a] suggestion for rehearing en banc is an *extraordinary procedure* which is intended to bring to the attention of the entire Court a precedent-setting error of *exceptional public importance* or an opinion which *directly conflicts* with prior Supreme Court or Sixth Circuit precedent.'"  *Bell v. Bell*, 512 F.3d 223, 250 (6th Cir. 2008) (Moore, J., dissenting) (quoting 6 Cir. R. 35(c) (emphasis added)).  This is precisely that case.

Determining when the statute of limitations begins to run for a death-sentenced prisoner who wishes to challenge a state's method of execution under 42 U.S.C. § 1983 is tantamount to determining whether the prisoner will be able to challenge the method of execution at all.  Certainly, the determination of when a person becomes time barred from challenging a procedure that may violate his or her constitutional rights is of "exceptional public importance."  Because the panel majority in *Cooey II* fundamentally erred in determining the moment at which the statute of limitations begins to run in a § 1983 method-of-execution challenge—and we are thus improperly constrained in *Getsy*—en banc review is required.

Furthermore, as stated in my concurring opinion in *Getsy*, applying *Cooey II*'s "precedent-setting error" in Getsy's case is unconscionable.  Due to the majority's refusal to review *Cooey II* by way of its application in *Getsy*, Getsy will be executed on August 18, 2009, without ever having the opportunity to have a court consider the merits of his Eighth Amendment challenge to his method of execution, a method that a court may well find unconstitutional just a few short months following his death by lethal injection.  For the foregoing reasons, I dissent from the denial of en banc review.

ENTERED BY ORDER OF THE COURT

/s/ Leonard Green

_____

Clerk