*RECOMMENDED FOR FULL-TEXT PUBLICATION*
Pursuant to Sixth Circuit Rule 206
File Name: 10a0378p.06

# UNITED STATES COURT OF APPEALS

## FOR THE SIXTH CIRCUIT

———————————

BILLY R. IRICK,

                *Plaintiff-Appellant,*

    *v.*

GAYLE RAY, in her official capacity as
Tennessee's Commissioner of Correction;
RICKY J. BELL, in his official capacity as
warden of Riverbend Maximum Security
Institution; REUBEN HODGE, Warden, in his
official capacity as Deputy Commissioner of
Tennessee Department of Correction; MARK
H. LUTTRELL, JR., in his official capacity as
Assistant Commissioner of Operations; JOHN
DOE PHYSICIANS 1-100; JOHN DOE
PHARMACISTS 1-100; JOHN DOE MEDICAL
PERSONNEL 1-100; JOHN DOE EXECUTIONERS
1-100; JOHN DOES 1-100,

                *Defendants-Appellees.*

No. 10-6436

———————————

Appeal from the United States District Court
for the Middle District of Tennessee at Nashville.
No. 10-01004—Todd J. Campbell, Chief District Judge.

Decided and Filed: December 15, 2010

Before: BATCHELDER, Chief Judge; SILER and GILMAN, Circuit Judges.

———————————

## COUNSEL

**ON BRIEF:** C. Eugene Shiles, SPEARS, MOORE, REBMAN & WILLIAMS, Chattanooga, Tennessee, for Appellant. Mark A. Hudson, OFFICE OF THE TENNESSEE ATTORNEY GENERAL, Nashville, Tennessee, for Appellees.

    BATCHELDER, C.J., delivered the opinion of the court, in which SILER, J., joined. GILMAN, J. (pp. 4–5), delivered a separate concurring opinion.

---

**OPINION**

---

ALICE M. BATCHELDER, Chief Judge.  Plaintiff-Appellant Billy Ray Irick, a Tennessee death-row prisoner represented by counsel, appeals the district court's judgment denying his 42 U.S.C. § 1983 claim alleging that the state of Tennessee's lethal injection execution protocol violates the Eighth Amendment's prohibition against cruel and unusual punishment.[1]  The district court dismissed Plaintiff's claim, finding that it is time-barred by the applicable statute of limitations.  For the reasons stated in the district court's opinion, we AFFIRM the judgment of the district court.[2]

In *Cooey v. Strickland* (*Cooey II*), 479 F.3d 412, 421-22 (6th Cir. 2007), *reh'g denied en banc*, 489 F.3d 775 (6th Cir. 2007), we held that the statute of limitations for a constitutional challenge to the method of execution, brought under 42 U.S.C. § 1983, begins to run either 1) upon the conclusion of direct review in the state court or the expiration of time for seeking such review, or 2) when the particular method of execution is adopted by the state.  We have since reaffirmed *Cooey II*'s holding and clarified that it remains the law of this circuit even after the Supreme Court's holding in *Baze v. Rees*, 553 U.S. 35 (2008).  *Getsy v. Strickland*, 577 F.3d 309, 312 (6th Cir. 2009).  Furthermore, we have declined to broaden *Cooey II*'s analysis to allow for the accrual date to reset to the date of any new piece of evidence in support of a preexisting claim.  *See West v. Ray*, No. 10-6196, 2010 WL 4576585, at *4 n. 1 (6th Cir. Nov. 4, 2010).

---

[1] Plaintiff raised several claims in the district court.  In addition to his § 1983 claim, he alleged a due process and equal protection violation, and he sought a declaratory judgment that the state of Tennessee's lethal injection protocol violates the Federal Controlled Substances Act, 21 U.S.C. §§ 801, *et. seq.*  On appeal, Plaintiff challenges only the district court's determination that his § 1983 claim is time-barred.  We therefore do not address the other aspects of the district court's judgment.

[2] We are aware that there has been a recent flurry of activity in the Tennessee state courts which pertains to Plaintiff's pending execution.  *See Tennessee v. Irick*, No. 24527 (Tenn. Nov. 29, 2010).  None of those proceedings is relevant to the single issue before us in this appeal—whether Plaintiff's § 1983 claim is time-barred—and we therefore do not discuss those proceedings here.

The district court properly applied our analysis in *Cooey II* to determine that the statute of limitations began to run either in 1989 when Plaintiff's direct review process was final, or in 2000 when lethal injection became the presumptive method of execution in Tennessee. Regardless of which date we use, Plaintiff's claim is time-barred. In Tennessee, civil actions for compensatory damages or injunctive relief brought under the federal civil rights statutes must be commenced within one year of the accrual of the cause of action. Tenn. Code. Ann. § 28-3-104(a)(3); *Cox v. Shelby State Cmty. Coll.*, 48 F. App'x 500, 506-07 (6th Cir. 2002). Plaintiff brought the current action on October 25, 2010, more than one year after his cause of action accrued. The statute of limitations therefore bars review of his § 1983 claims.

Accordingly, we **affirm** the judgment of the district court.

_____

**CONCURRENCE**

_____

RONALD LEE GILMAN, concurring.  Constrained by the rule announced in *Cooey v. Strickland*, 479 F.3d 412, 421-22 (6th Cir. 2007) (*Cooey II*), I reluctantly concur in the lead opinion.  I write separately, however, to express my continuing belief that *Cooey II* was wrongly decided.  Irick alleges that the state of Tennessee's lethal-injection protocol violates the Eighth Amendment's prohibition against cruel and unusual punishment because the current protocol—even if properly administered—has become death by suffocation while the prisoner is insufficiently anesthetized.  As a practical matter, Irick's argument was not viable until evidence became available that substantiated the claim, which did not occur until March 10, 2010.  Judge Moore's dissent in *West v. Ray*, No. 10-6196, 2010 WL 4576585, at *6 (6th Cir. Nov. 4, 2010) (unpublished opinion), explains why:

> After Tennessee's protocol change, the autopsy of Phillip Workman revealed inadequate post-mortem sodium thiopental levels.  This single occurrence might have been "an isolated mishap alone," which "does not give rise to an Eighth Amendment violation." *Baze v. Rees*, 553 U.S. 35, 50, 128 S. Ct. 1520, 170 L. Ed. 2d 420 (2008) (Roberts, J., plurality op.).  But on March 10, 2010, the state released the autopsy results for its next-executed inmate, Steven Henley.  Henley, too, had deficient sodium thiopental levels, giving West a basis to allege that, as implemented, the lethal-injection protocol violates the Eighth Amendment.  Until Henley's autopsy confirmed the problem, West did not have a cause of action because "the conditions presenting the risk" of suffocation were not *"sure or very likely* to cause serious illness and needless suffering." *Baze*, 553 U.S. at 50. And prior to the autopsy, "the typical lay person," *Getsy*, 577 F.3d at 312, could not have been alerted that the standard three-drug cocktail would suffocate its recipients. The key feature of this case is that West has alleged new evidence showing that the *practice* of the lethal-injection method in Tennessee has caused extreme pain and suffering, constituting a violation of the Eighth Amendment.

(Emphases in original.)

Irick's plausible claim is thus foreclosed by the rigid—and in my opinion unrealistic—rule on when the statute of limitations begins to run in these cases.  But because *Cooey II* is the governing law in this circuit, I have no choice but to concur.