BATCHELDER, C.J., delivered the opinion of the court, in which SILER, J., joined. GILMAN, J. (pp. 789-90), delivered a separate concurring opinion.
OPINION
ALICE M. BATCHELDER, Chief Judge.
Plaintiff-Appellant Billy Ray Irick, a Tennessee death-row prisoner represented by counsel, appeals the district court’s judgment denying his 42 U.S.C. § 1983 claim alleging that the state of Tennessee’s lethal injection execution protocol violates the Eighth Amendment’s prohibition against cruel and unusual punishment.[1] The district court dismissed Plaintiffs claim, finding that it is time-barred by the applicable statute of limitations. For the reasons stated in the district court’s opinion, we AFFIRM the judgment of the district court.[2]
In Cooey v. Strickland (Cooey II), 479 F.3d 412, 421-22 (6th Cir.2007), reh’g denied en banc, 489 F.3d 775 (6th Cir.2007), we held that the statute of limitations for a constitutional challenge to the method of execution, brought under 42 U.S.C. § 1983, begins to run either 1) upon the conclusion of direct review in the state court or the expiration of time for seeking such review, or 2) when the particular method of execution is adopted by the state. We have since reaffirmed Cooey IPs holding and clarified that it remains the law of this circuit even after the Su *789 preme Court’s holding in Baze v. Rees, 553 U.S. 35, 128 S.Ct. 1520, 170 L.Ed.2d 420 (2008). Getsy v. Strickland, 577 F.3d 309, 312 (6th Cir.2009). Furthermore, we have declined to broaden Cooey II’s analysis to allow for the accrual date to reset to the date of any new piece of evidence in support of a preexisting claim. See West v. Ray, No. 10-6196, 2010 WL 4576585, at *4 n. 1 (6th Cir. Nov.4, 2010).
The district court properly applied our analysis in Cooey II to determine that the statute of limitations began to run either in 1989 when Plaintiffs direct review process was final, or in 2000 when lethal injection became the presumptive method of execution in Tennessee. Regardless of which date we use, Plaintiffs claim is time-barred. In Tennessee, civil actions for compensatory damages or injunctive relief brought under the federal civil rights statutes must be commenced within one year of the accrual of the cause of action. Tenn.Code. Ann. § 28-3-104(a)(3); Cox v. Shelby State Cmty. Coll., 48 Fed.Appx. 500, 506-07 (6th Cir.2002). Plaintiff brought the current action on October 25, 2010, more than one year after his cause of action accrued. The statute of limitations therefore bars review of his § 1983 claims.
Accordingly, we affirm the judgment of the district court.

. Plaintiff raised several claims in the district court. In addition to his § 1983 claim, he alleged a due process and equal protection violation, and he sought a declaratory judgment that the state of Tennessee's lethal injection protocol violates the Federal Controlled Substances Act, 21 U.S.C. § 801, et seq. On appeal, Plaintiff challenges only the district court's determination that his § 1983 claim is time-barred. We therefore do not address the other aspects of the district court’s judgment.

. We are aware that there has been a recent flurry of activity in the Tennessee state courts which pertains to Plaintiff's pending execution. See Tennessee v. Irick, No. 24527 (Tenn. Nov. 29, 2010). None of those proceedings is relevant to the single issue before us in this appeal — whether Plaintiff's § 1983 claim is time-barred — and we therefore do not discuss those proceedings here.